## MILLER v. UNION SWITCH & SIGNAL CO.

*(Superior Court of New York City, General Term.* February, 1890.)

ACTIONS ON CONTRACT—PRACTICE—DEFENSE.

    Plaintiff's assignor entered into an agreement with defendant by which he granted it, during the continuance of the agreement, the right to use certain patents; the contract providing that, on its termination by either party, defendant should have the license to use the patents on payment to plaintiff of a certain sum quarterly. *Held* that, in an action for money due for use of the patents after termination of the agreement, where the complaint alleges, and the evidence shows, that defendant continued to use the patents after such termination, the defense that they were used in filling contracts made by defendant during the continuance of the agreement, if it is a defense at all, is an affirmative one, to be raised by defendant.

On exceptions from jury term.

Action by Frank W. Miller, assignee of Charles R. Johnson, against the Union Switch & Signal Company, to recover money due said Johnson under a contract between him and defendant. The facts are sufficiently stated in *Johnson* v. *Signal Co., ante,* 655, except that the complaint alleges in this case that, after the termination of the contract there set forth, defendant continued to use the patents mentioned therein. At the conclusion of the evidence, counsel for both parties agreed that the trial judge should direct a verdict. A verdict was thereupon directed for plaintiff, and exceptions were ordered to be heard at general term in the first instance.

Argued before TRUAX and DUGRO, JJ.

*Miller & Savage,* (*Geo. W. Miller,* of counsel,) for plaintiff. *Carter, Hughes & Cravath,* for defendant.

TRUAX, J. The action was brought by the plaintiff, as the assignee of one Charles R. Johnson, to recover the sum of $1,625 as an installment of royalties claimed to be due and payable for the three months ending on the 1st day of September, 1888, under a contract entered into on the 20th day of September, 1886, by the said Johnson and the said defendant. The contract is set forth in full in the complaint. It was provided in the eighth clause of said contract "that, in the event of the termination of this agreement, the said company," that is, the defendant, "by reason of the expenditures that shall have been made during the continuance of this agreement, shall have a license, not exclusive, to use all the inventions that may have been used in carrying on the business of the company on the payment of 6,500 dollars per year; said sum to be paid quarterly."

It was alleged in the complaint that said contract was terminated by the defendant on the 1st day of March, 1888, which was before the time provided in the contract for the termination of the contract. This allegation is not denied in the answer, and, therefore, it is not necessary for us to determine what kind of a termination of the contract was contemplated in the eighth clause of the contract. It is true, there was an attempt to litigate this question on the trial, but a party will not be allowed to litigate on the trial a question admitted by the pleadings.

It was also alleged in the complaint, and denied in the answer, that the defendant "had used, and was on the said 1st day of March, 1888, still using, and has since that time still continued to use, manufacture, and sell to others to use," the inventions referred to in the contract of the 20th day of Septem-

ber, 1886. It has been held by a general term of this court[1] that the plaintiff must show, in order to sustain his cause of action, that the defendant has used, since the termination of said contract, some of the inventions mentioned in the contract and in the complaint. The plaintiff did offer evidence that tended to show such use; but the defendant contends that the defendant had the right, during the continuance of the said contract, to make contracts for the delivery and sale of the inventions mentioned in said contracts, and that it was not shown that such inventions were not used under contracts made prior to the termination of the contract between plaintiff and defendant. This defense, if it be a defense, is an affirmative one, and should have been shown by the defendant, affirmatively, on the trial. It is also to be noticed that it is not within the letter of the contract.

The judgment roll offered in evidence is not a bar to this action. The plaintiff's right to royalties began after the termination of the contract, and then only on the defendant's using the inventions mentioned in the contract; that is, the mere breach of the contract did not give the plaintiff's assignee a cause of action for royalties. The defendant's exceptions are overruled, and judgment is ordered for the plaintiff on the verdict, with costs.

---

[1] Johnson v. Signal Co., ante, 655.